■ In the Matter of the Accounting of JESSIE M. HARTSHORN, as Administratrix C. T. A. of NELLIE G. HARTSHORN, Deceased, Appellant. KARL HARTSHORN, Respondent.— Appeal from a decree of the Surrogate's Court of Madison County, which, as a result of a compulsory accounting and an amended account, to which objections were filed, directed that Jessie Mae Hartshorn, the administratrix *c. t. a.*, pay the sum of $8,111.15 to Karl Hartshorn, the respondent, and to pay personally attorney's fees to the objecting petitioner and costs of the proceeding. Nellie C. Hartshorn died July 7, 1947. Her will was not probated until December 26, 1950. By the terms of the will $300 was left to each of her three children and the residue to her husband, the respondent. Prior to the probate of the will and on December 1, 1950 Karl Hartshorn, the respondent husband, executed a deed and bill of sale to the three children of a farm, cattle and tools for $25,000. According to the oral arguments and briefs, appellant contends, first, that this transaction was intended to include the transfer of all of respondent's interest in the estate; and, secondly, that the other assets of the estate have been paid to the respondent. Respondent contends that he has never received anything except the $25,000 and that the transfer above mentioned included only the farm, stock and tools, or his interest therein, and did not convey his sole residuary interest in the other assets of the estate. The transaction involving the transfer of the farm, stock and tools was conducted by the parties through their respective attorneys orally, and no written agreement was made other than the deed and bill of sale. Although both attorneys who argued this appeal were present at all of the conferences resulting in the transaction, they are in violent disagreement as to what was agreed upon and are also in disagreement as to what happened to the assets of the estate other than the farm, stock and tools. Our difficulty is that the record does not bear out many of the statements contained in each party's briefs. The record is scanty and contains very little formal proof or sworn testimony. Apparently the decree was made as a result of informal conferences between the attorneys and the Surrogate which do not appear in the record and which did not result in a decree by consent. The decree could not be entered upon the mere statements of counsel. The statements of counsel for the respective parties, both upon oral argument and in their briefs, are so thoroughly in conflict that a complete record is needed for an adequate review. One of the many instances of conflicting statements of counsel which do not appear in the record is that appellant claims that a bank account in the Hamilton, New York, bank was paid to respondent as a part of his legacy. In respondent's brief it is stated that this particular bank account was in respondent's name before the death of decedent. There is similar confusion with respect to the United States savings bonds. While proceedings in Surrogates' Courts in upstate counties are frequenlty informal, an adequate record must be made so that there may be a proper review by an appellate court, if an appeal is taken. For this reason we feel constrained to reverse the decree and remit the matter for a new trial. By doing this we do not intend to indicate that the Surrogate was either right or wrong in his decision, but that a new hearing should be held at which formal proof is complete as to the contentions of both parties. Decree reversed, on the law and facts, and a new trial ordered, without costs. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.